IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROY C. HOGAN, § | | |
| TDCJ NO. 421539, § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| v. § | CIVIL ACTION NO. H-05-1909 | |
| § | | |
| DOUGLAS DRETKE, § | | |
| § | | |
| Respondent. § | | |

**MEMORANDUM OPINION AND ORDER**

Roy C. Hogan, a TDCJ inmate, has filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254 challenging a parole revocation proceeding. Hogan states in his petition (See page 5.) that he has not filed any petitions, applications, or motions in any state court challenging his parole revocation.

Under 28 U.S.C. § 2254 a habeas petitioner challenging the validity of his incarceration pursuant to a state judgment and sentence must exhaust available state remedies before seeking relief in federal court. 28 U.S.C. § 2254(b)(1); <u>Nobles v. Johnson</u>, 127 F.3d 409, 419-420 (5th Cir. 1997). It is imperative that the substance of the claims have been presented to the state's highest court. <u>Whitehead v. Johnson</u>, 157 F.3d 384, 387 (5th Cir. 1998). The exhaustion requirement is based in part on the principle of comity in which the states have the first opportunity to address and correct alleged violations of a state prisoner's

federal rights before consideration by the federal courts. Coleman v. Thompson, 111 S.Ct. 2546 (1991).

The exhaustion requirement applies to habeas petitioners challenging parole revocations. Alexander v. Johnson, 163 F.3d 906, 908-09 (5th Cir. 1998). It is customary for the Texas courts to review complaints about defects in parole-revocation proceedings, and such complaints are presented in state applications for writs of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure. Campos v. Johnson, 958 F.Supp. 1180, 1186 (W.D. Tex. 1997), citing Ex parte Nelson, 815 S.W.2d 737 (Tex. Crim. App. 1991); Ex parte Canada, 754 S.W.2d 660 (Tex. Crim. App. 1988). Although Hogan states that he has not filed a state habeas application challenging his parole revocation, there is a record indicating that a state habeas challenge has been filed recently in the Court of Criminal Appeals and is still pending there. Ex parte Hogan, No. 62,265-01 (Tex. Crim. App. filed May 31, 2005); see Texas Court of Criminal Appeals website, http://www.cca.courts.state.tx.us/. Even if the pending state action concerns the parole revocation, Hogan cannot seek simultaneous relief in both state and federal courts. See Emery v. Johnson, 139 F.3d 191, 194 (5th Cir. 1997). If a federal habeas petition is filed while state remedies are still being pursued, the federal court has the authority to dismiss the federal petition. Brewer v. Johnson, 139 F.3d 491, 493 (5th Cir. 1998).

Accordingly, this action will be dismissed without prejudice for failure of the petitioner to exhaust all available remedies on

all of his claims to the state's highest court of criminal jurisdiction as required by 28 U.S.C. § 2254.

Should the petitioner file a notice of appeal, this court **DENIES** the issuance of a certificate of appealability for the reasons stated in this Memorandum Opinion and Order.  28 U.S.C. § 2253; Murphy v. Johnson, 110 F.3d 10, 11 (5th Cir. 1997).

**SIGNED** at Houston, Texas, on this the 18th day of July, 2005.

                                    SIM LAKE
                        UNITED STATES DISTRICT JUDGE